ANGLAND et al. v. ARCO AUTO CARRIERS, Inc.

No. 159, Docket 22225.

United States Court of Appeals Second Circuit.

Argued Feb. 11, 1952.

Decided March 5, 1952.

O'Dwyer & Bernstien, New York City (Paul O'Dwyer, New York City, of counsel), for plaintiffs-appellants.

David Tepp, White Plains, N. Y. (Thomas C. Cusack and Frank J. Mahony, New York City, of counsel), for appellee.

Before AUGUSTUS N. HAND, CHASE and FRANK, Circuit Judges.

## PER CURIAM.

This negligence suit arose out of a collision between the defendant's auto carrier and a passenger automobile driven by plaintiff Patrick Angland, in which his wife and baby were riding. The collision killed the child and injured both husband and wife. The husband claimed damages for injuries to himself and his car, and for loss of his wife's services. The wife claimed personal injuries and sued as administratrix for the death of their infant child. The defendant counterclaimed in the suit for damages, stipulated at $1,400.-00, to its tractor-trailer.

Plaintiffs and defendant, respectively, told entirely different stories of the accident, and each claimed that the other side had been solely responsible. The judge submitted the issues of negligence and the plaintiff's damages to the jury, but told them that they need not consider the question of damages if they found for defendant on his counterclaim, because defendant's damages had been stipulated at $1,400.

The jury came back with a "unanimous verdict for defendant." The trial judge refused to set it aside as contrary to the weight of the evidence. No motion was made at that time to set it aside as incomplete or inconsistent.

Plaintiffs now allege, however, that the jury, in its verdict, failed to dispose of each cause of action separately. As far as plaintiffs' claims are concerned, the verdict is open to only one unambiguous interpretation: the jury found that they could not recover on any of their causes of action. Indeed, neither plaintiffs' counsel nor the trial judge seemed at all confused on this point at the time the verdict was rendered; nor did plaintiffs' counsel seek to have the jury clarify its verdict. The plaintiffs urge, however, that, as the verdict said nothing about defendant's damages, the jury failed to find for defendant on his counterclaim, and that this failure to grant defendant recovery on his counterclaim is inconsistent with the failure to grant relief to Angland's child, for, if defendant were contributorily negligent in any way, then the child should have recovered. But this ignores two equally plausible explanations of the jury's verdict: (1) One is that the jury thought that neither side sustained its burden of proving the other side negligent, and so neither side could recover. (2) The other is that the jury fully intended by its "unanimous verdict for the defendant" to award recovery to the defendant on its counterclaim; since the judge had told them that they did not have to consider the amount of his damages (because it was stipulated), they naturally omitted to mention the stipulated amount in their verdict. As no judgment for damages in favor of defendant was entered, plaintiffs have no cause to complain about any ambiguity in the jury's manner of dealing with the defendant's counterclaim.

Affirmed.